UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

DONNA JANE WATTS,

    Plaintiff,

v.                                              Case No.: 9:12-cv-81406-DMM

CITY OF PALM BEACH GARDENS,
et al.,

    Defendants.
_____/

## DEFENDANTS PAMELA ABBOUD AND BRIIJIN PEMBERTON'S MOTION TO DISMISS AND/OR TRANSFER WITH INCORPORATED MEMORANDUM OF LAW

Defendants, PAMELA ABBOUD and BRIIJIN PEMBERTON, in their individual capacities, by and thorough the undersigned attorney, pursuant to Rules 8, 12(b) (3) and (6), and 12 (e), Federal Rules of Civil Procedure, and Gen. Rule 7.1, Local Rules for the Southern District of Florida, hereby move to dismiss Plaintiff's action for failure to state a claim upon which relief can be granted and/or transfer for misjoinder and improper venue.

### MEMORANDUM OF LAW
**Factual Basis**

1. On December 21, 2012, the Plaintiff filed a 69 page, 416 paragraph Complaint suing 359 separate defendants. These defendants include 22 agencies, 24 agency chief executives who are sued "individually," 83 individual officers and 230 John Doe defendants.

2. The Plaintiff's essential claims are that the Plaintiff's privacy was invaded by a number of Florida law enforcement officers who accessed her private driver's license

information approximately 200 times between October 2011 and January 19, 2012, without any legitimate purpose in violation of federal and state law. (Doc. 1, Complaint, ¶1-2)

3. The Complaint identifies Defendant Pamela Abboud, in paragraph 67, as a "deputy of the Jacksonville Sheriff's Office." Defendant Briijin Pemberton[1] is identified in paragraph 68 as a "deputy of the Jacksonville Sheriff's Office."

4. The Plaintiff alleges that Abboud accessed the Plaintiff's personal information through a Department of Highway Safety and Motor Vehicles' database ("DAVID") on November 14, 2011 for reasons unrelated to any "incidents" involving Plaintiff. (Id. ¶ 238).

5. The Plaintiff also alleges that Pemberton accessed Plaintiff's driver's license information through DAVID on November 21, 2011 for reasons unrelated to any "incidents" involving Plaintiff. (Id., ¶ 239).

## Argument

### Motion to Dismiss Standard

In order to state a claim, Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." While a court, at this stage of the litigation, must consider the allegations contained in the plaintiff's complaint as true, such tenet "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). "The complaint's allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id., citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 555. Thus, "to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a

---
[1] The correct spelling of Officer Pemberton's first name is Briijin.

claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. "[B]are assertions" which "amount to nothing more than a 'formulaic recitation of the elements'" of a claim, should therefore be rejected as "conclusory and not entitled to be assumed true." *Id.* at 681; *see also, S.D. v. St. Johns County School Dist.*, 2009 WL 2381287 (M.D. Fla. 2009). Dismissal with prejudice is appropriate if the plaintiff can prove no set of facts in support of their claims which would entitle them to relief, as is the case here. *See U.S. v. Baxter Int'l. Inc.*, 345 F.3d 866, 880-81 (11th Cir. 2003).

The instant Complaint is deficient in a number of respects. First it violates Rule 8, Fed. R. Civ. P., in that it contains dozens of paragraphs of immaterial information, five separate counts, each against various defendants, but all incorporating every paragraph of the complaint leading up to that count. Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 974 (11th Cir. 2008). Reading through the instant Complaint is a "cumbersome task of sifting through myriad claims" and it is virtually impossible to know which allegations of fact are intended to support which claim for relief. *Anderson v. Dist. Bd. of Trustees of Cent. Fl. Comm. Coll.*, 77 F.3d 364, 366 (11th Cir.1996). For this reason alone, the Complaint should be dismissed in its entirety or in part.

Additionally, it appears from the face of the Complaint that the Plaintiff is attempting to sue multiple defendants for independent causes of action in a single complaint. Defendants

Abboud and Pemberton are not accused of conspiring with any other named defendant to deprive the Plaintiff of her civil rights. There is no reason why they should be joined as defendants with claims against myriad other defendant officers and agencies from around the state of Florida.

### Failure to Comply With Rule 8

Rule 8, Fed. R. Civ. P., requires a "short and plain statement of the claim" that will "give the Defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct 99, 103 (1957) (quoting Rule 8(a)(2), Fed. R. Civ. P.). Rule 8(e) further requires that "[e]ach averment of a pleading shall be simple, concise and direct." Thus, the rules require a short, plain and direct statement of the claim showing that the pleader is entitled to relief; pleadings must be consistent and not technical. *See Lotierzo v. Woman's World Medical Center, Inc.*, 278 F.3d 1180, 15 Fla. L. Weekly Fed. C201 (11th Cir. 2002) (complaints should be short and simple); *Trulock v. Freeh*, 275 F.3d 391 (4th Cir. 2001) (the liberal pleading requirements of Rule 8(a) demand only a short and plain statement of the claim); *see also, St. Joseph's Hosp., Inc. V. Hosp. Corp. Of Am.*, 795 F.2d 948, 954 (11th Cir. 1986) ("What the pleader need not do is worry about the particular form of the statement or that it fails to allege a specific fact to cover every element of substantive law involved.").

The instant complaint is replete with immaterial information. Due to the improper joinder of parties, the Complaint first spends approximately 21 pages identifying parties, most of whom Abboud and Pemberton have no relationship[2] and none of whom share liability. (Doc. 1, ¶8-145). The Complaint then continues from paragraphs 146 to 195 describing the Plaintiff's employment history, the arrangement between the DHSMV and Florida law enforcement and an

---

[2] The only parties that bear any relationship to Abboud and Pemberton are the Jacksonville Sheriff's Office, the agency that employs them, found in paragraph 12 and John Rutherford, the Sheriff of Duval County, found in paragraph 36.

incident involving the Plaintiff where she arrested another police officer. Although certain paragraphs provide material information, many do not and most include conclusory allegations. The Complaint then recites in paragraphs 196 to 327 factual allegations against parties that are not affiliated with Abboud or Pemberton in any way. It's only in paragraphs 237 to 239 that the Plaintiff articulates any factual basis for a claim against Abboud or Pemberton.

The Plaintiff doesn't start to articulate claims against Abboud and Pemberton until page 56, paragraph 340. In Count I, the Plaintiff attempts to articulate a claim for a violation of the Driver's Privacy Protections Act, found at 18 U.S.C. § 2121, et seq. The Plaintiff incorporates, through reference, paragraphs 1 through 339, begetting the Defendants' initial confusion. By the Plaintiff's incorporation of all allegations against every defendant without any articulation of which factual allegation refers to which defendant, Abboud and Pemberton are left to sift through the complaint guessing which allegations apply to them. This is a cumbersome task, to say the least. Additionally, this claim misarticulates the law in paragraph 356. *See Kehoe v. Fidelity Federal Bank & Trust*, 421 F.3d 1209 (11th Cir. 2005).

The Plaintiff proceeds to Count II, a claim for damages in violation of 42 U.S.C. § 1983, where the complaint becomes a classic "shotgun pleading." The Plaintiff here starts by incorporating by reference every paragraph previously cited, including the paragraphs articulating claims in Count I. The Plaintiff does the same thing in Counts III, IV and V. "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions. Consequently, in ruling on the sufficiency of a claim, the trial court must sift out the irrelevancies, a task that can be quite onerous." *Strategic Income Fund, L.L.C., et al. v. Spear, Leeds & Kellogg Corp., First Options*

*of Chicago, Inc.*, 305 F.3d 1293 (11th Cir. 2002). *See also Byrne v. Nezhat*, 261 F.3d 1075, 1128-34 (11th Cir.2001) ("Shotgun pleadings ... impede[ ] the due administration of justice and, in a very real sense, amount[ ] to obstruction of justice.") (internal citation omitted); *Magluta v. Samples*, 256 F.3d 1282, 1284-85 (11th Cir.2001) (refusing to address and decide serious constitutional issues on the basis of a "quintessential 'shotgun' pleading of the kind [this court has] condemned repeatedly, beginning at least as early as 1991" because "[i]t is in no sense the 'short and plain statement of the claim' required by Rule 8"). Abboud and Pemberton are incapable of defending such allegations.

### Improper Joinder of Parties

As stated above, the Plaintiff has named 359 separate defendants in this case. The individual officer defendants alone work for, as best can be determined, 23 separate counties, cities and/or law enforcement agencies. Other than being law enforcement officers, they have nothing in common with each other as concerns the Plaintiff, other than the fact that they allegedly took a fleeting look at Plaintiff's driver's license information on the DHSMV website. The Plaintiff has not alleged that these officers acted in concert with each other, have conspired with each other or share joint and several liability. The only reference to any liability is an ambiguous reference to a total sum the Plaintiff thinks she is owed by the defendants in total. (See Doc. 1, ¶366).

Rules 18, 19, 20 and 21 of the Federal Rules of Civil Procedure govern the joinder of parties. Abboud and Pemberton certainly are not required parties as that term is defined in Rule 19(a)(1). There are no allegations within the four corners of the Complaint that Abboud or Pemberton are necessary to provide relief to any other party or risk being impaired in defending their interest in this case, if they are severed from this action. They certainly do not leave any

other parties at risk of incurring inconsistent obligations if the Court severs them from this action.  Additionally Abboud and Pemberton are not alleged to have engaged in the sort of "series of occurrences" within the scope of Rule 20(a) that would permit their permissive joinder with all the other defendants in a single action.

Both Florida and Federal law is replete with admonishments regarding joinder and misjoinder.  When, as in the instant case, multiple defendants are joined in a single action, Florida law holds that all the defendants must have joint interest adverse to the plaintiff seeking affirmative relief in connection with the subject matter of the cause of action.  See Rules 1.210(a) and 1.250, Fla. R.Civ. P. (2012).  *See also Tamiami Trail Tours Inc. v. Cotton*, 463 So. 2d 1126 (Fla. 1985) (separate causes of action against separate defendants cannot be joined in the same complaint).  The subject of joinder and misjoinder occurs frequently in Federal Court where a plaintiff attempts to join an immaterial defendant in order to defeat diversity jurisdiction. Although that does not seem to be the case here, the fact is that Abboud and Pemberton do not have a joint interest with any other defendant listed in the Complaint.  *See e.g. Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996) (abrogated on other grounds) ("The joinder of defendants in this action has been accomplished solely through Rule 20.  The district court, finding no allegation of joint liability between Lowe's and any other defendant and no allegation of conspiracy, held there was an 'improper and fraudulent joinder, bordering on a sham.'  The court rejected Appellants' argument that 'a mere allegation of a common business practice subjects all defendants to joinder.'  \*\*\*Joinder of defendants under Rule 20 requires: (1) a claim for relief asserting joint, several, or alternative liability and arising from the same transaction, occurrence, or series of transactions or occurrences, and (2) a common question of law or fact.

Fed. R.Civ. P. 20(a).  The district court correctly found no allegation of joint liability or any allegation of conspiracy.")

The proper remedy for the Plaintiff's misjoinder of Abboud and Pemberton is severance. *See Id*. at 1360.  *See also Alanco v. Bystrom*, 544 So.2d 217 (3rd DCA 1989) for Florida decision that severance is proper remedy for misjoinder of defendants.  Assuming this Court severs Abboud and Pemberton from the other defendants, venue is no longer proper as to them.  Pursuant to 28 U.S.C. § 1391 (2012), a civil action may be brought in a judicial district where a defendant resides (subsection (b)(1)) or where a substantial part of the events or omissions giving rise to the claim occurred (subsection (b)(2)).  Under either subsection of the statute, venue is proper in the United States Court for the Middle District of Florida, Jacksonville Division.  28 U.S.C. § 1404 allows a district court to transfer venue to another district court where it might have been brought.

## Conclusion

For the reasons stated, this action should be dismissed as against Defendants Pamela Abboud and Briijin Pemberton, individually, for failure to follow Rule 8 of the Federal Rules of Civil Procedure.  Additionally, the Court should exercise its power to sever the cause of action against Abboud and Pemberton due to the Plaintiff's misjoinder, and then order the case transferred to the Jacksonville Division of the Middle District of Florida.

Respectfully submitted,
**OFFICE OF THE GENERAL COUNSEL**
**FRATERNAL ORDER OF POLICE**

*/s/ Paul A. Daragjati*
Paul A. Daragjati, Esq.
Fl. Bar No.: 0713813
pdaragjati@fop530.com
5530 Beach Blvd.
Jacksonville, Fl. 32207
(904) 398-7010 telephone
(904) 398-7192 facsimile
*Attorney for Defendants Abboud and Pemberton*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on Friday, February 22, 2013, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: N/A.

*/s/ Paul A. Daragjati*
Attorney for Defendants Abboud and Pemberton