## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### WEST PALM BEACH DIVISION

DONNA JANE WATTS,

      Plaintiff,                      CASE NO.: 12-81406-CIV-DMM

v.

CITY OF PALM BEACH GARDENS,
et al.,

      Defendants.

_____/

### DEFENDANTS, CHIEF OROSA's AND ANALYST MARSHALL's
### MOTION TO QUASH SERVICE OR, ALTERNATIVELY, TO DISMISS

     Defendants, CHIEF OF POLICE MANUEL OROSA (hereinafter "CHIEF

OROSA") and CRIMINAL INTELLIGENCE ANALYST MICHELLE MARSHALL

(hereinafter "ANALYST MARSHALL"), by and through their undersigned attorney,

pursuant to Rules 8, 12(b)(5) and (6), Federal Rules of Civil Procedure, hereby move to

quash service of process or, in the alternative, to dismiss the COMPLAINT for failure to

state a claim.

### MEMORANDUM OF LAW

#### I.
#### INTRODUCTION

    1.    On December 21, 2012, Plaintiff filed a sixty-nine (69) page, five (5)

Count, COMPLAINT naming 129 identified Defendants and numerous Doe Defendants.

    2.    On March 8, 2013, Plaintiff's process server delivered each of the eleven

summonses and complaints, purportedly served on individual employees of the City of

Miami, to a court liaison officer, whose only statutory authority is to accept criminal

CHIEF OROSA's & ANALYST MARSHALL's
MOTION TO QUASH,OR TO DISMISS
CASE NO.: 12--81406-CIV-DMM

witness subpoenas. (The City of Miami itself was served on March 13, 2013, based on the representation of counsel and the notation on the Complaint by the process server.)

3.      None of these individuals was personally served or had process left at his or her usual place of abode as required by Florida law. See  s. 48.031(1)(a). F.S.

## II.
## MOTION TO DISMISS STANDARD

A complaint must state enough facts to state a claim for relief that is plausible on its face in order to avoid dismissal for failure to state a claim. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007).  The allegations must cross "the line between possibility and plausibility" to survive dismissal. *Id.* at 1966, and the complaint must "in toto…render plaintiffs' entitlement to relief plausible." *Id.* at 1973, n.14.  A plausible entitlement to relief exists "when the allegations in the complaint traverse the thresholds separating the 'conclusory' from the 'factual' and the 'factually neutral' from the 'factually suggestive.'" 2007 U.S. Dist. LEXIS  (N.D. Fla. 2007); *citing Bell Atlantic Corp.*, 127 S.Ct. at 1958, n. 5.  Even though *Bell Atlantic* was an antitrust-conspiracy case, the plausibility standard announced in *Bell Atlantic* was intended to apply "more broadly to all civil cases." *Goldstein v. Pataki*, 488 F.Supp.2d 254, 290 (E.D.N.Y. 2007). Finally, dismissal is warranted if, assuming the truth of the factual allegations of the pleading, there is a dispositive legal issue which precludes relief. *Brown v. Crawford County, Ga.,* 960 F.2d 1002, 1009-10 (11th Cir. 1992).

## III.
## INSUFFICIENT SERVICE OF PROCESS

*Rule 4(e)*, Federal Rules of Civil Procedure, allows service of process on an individual within a judicial district of the United States as follows:

Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Under Florida law, service of original process on an individual may only be accomplished through service on the defendant personally or at his or her usual place of abode. *Fla. Stat.* 48.031(1)(a).

In the case at bar, service was purportedly made upon a third person whose sole statutory authority under s. 48.031(4)(a), F.S., is to receive witness subpoenas in criminal cases.

Accordingly, service on all individual City of Miami employees, including CHIEF OROSA and ANALYST MARSHALL (who is a civilian employee of the City of Miami) must be quashed.

## IV.
## THE FICTITIOUS DEFENDANTS MUST BE DISMISSED

The style of the COMPLAINT, and various references thereto within the pleading, indicate that Plaintiff is suing Entity Does, Jane and John Does, Florida Department of Law Enforcement Does and Department of Highway Safety and Motor Vehicle Does. Because there is no fictitious party practice recognized in this Circuit, these unnamed Defendants must be dismissed. *New v. Sports & Recreation, Inc.*, 114 F.3d 1092, 1094, n.1 (11th Cir. 1997)("[F]ictitious party practice is not permitted in federal court."); *Macelvain v. United States*, 2002 WL 31409568, n.1 (M.D.Ala. Sept. 5,

2002)("Because fictitious party practice is not permitted under the Federal Rules of Civil Procedure, the fictitious defendants are due to be dismissed."); *Edwards v. Alabama Department of Corrections,* 81 F.Supp.2d 1242, 1257 (M.D.Ala. 2000)(same); *Roberts v. City of Geneva*, 114 F.Supp.2d 1199, 1205, n. 4 (M.D.Ala. 2000)(dismissed Plaintiff's claims against fictitious defendants); *Wiggins v. Risk Enterprise Management Ltd.*, 14 F.Supp.2d 1279 (M.D. Ala. 1998)("As Plaintiff has never amended her Complaint to properly designate these parties, and as there is no fictitious party practice in Federal Courts, the court finds that these unnamed Defendants are due to be dismissed from this action."); and *Floyd v. Allstate Insurance Company*, 989 F.Supp. 1435, 1436 (M.D.Ala. 1998)(same).

## V.
## PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR VIOLATING THE RULES OF PLEADING OF RULE 8(a)

Plaintiff's Complaint contains five (5) Counts, which finally begin on page 56. Each Count also incorporates by reference **all** of the allegations of the previous Counts. The 11th Circuit refers to this as a "shotgun pleading". *Strategic Income Fund v. Spear. Leeds & Kellogg Corporation*, 305 F.3d 1293, 1295 (11th Cir. 2002)("The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions.) This unnecessary practice makes it virtually impossible for a defendant to frame intelligent affirmative defenses, or otherwise respond to the allegations therein in a meaningful way. It also makes it difficult for the parties and the Court at summary judgment time, to sort out the claims, and, thus, only serves to cause **confusion and delay**. The 11[th]

Circuit condemns such pleadings, and, requires repleader, even *sua sponte*. ***Lumley v. City of Dade City, Florida***, 327 F.3d 1186, 1192, n. 13 (11th Cir. 2003)("We have repeatedly condemned [rambling shotgun pleadings, where each count incorporates by reference the allegations of the proceeding counts and thus includes allegations that are irrelevant to the cause(s) of action the count ostensibly states], and suggest that, when faced with such pleading, the district court, acting on its own initiative, require a repleader.")

As Plaintiff's Complaint is a textbook example of an improper "shotgun pleading", under controlling 11th Circuit precedent, it does not provide a "short and plain statement of the claim showing that the pleader is entitled to relief," as required by the Federal Rules of Civil Procedure, and must be dismissed (albeit without prejudice), and replead.

### VI.
### CHIEF OROSA AND ANALYST MARSHALL ARE ENTITLED TO QUALIFIED IMMUNITY

In order to state a cause of action against any party for a violation of 42 U.S.C. §1983, specific actions or inaction of the Defendants that resulted in a violation by Defendants of the civil rights of Plaintiffs must be alleged. Extra scrutiny is brought upon those claims when they are made against individuals acting in their capacity as governmental employees. Such employees are entitled to qualified immunity from suits brought against them for acts as governmental employees where a reasonable person could believe that the employee is not violating any clearly established constitutional right that a reasonable person would have known. ***Harlow v Fitzgerald***, 457 U.S. 800, 818 (1982).

"[G]overnment officials performing discretionary functions generally are shielded from liability insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)*; Lassiter v. Alabama A & M University,* 28 F. 3d 1146, 1149 (11th Cir. 1994)(*en banc).* Under this principle, defendants are entitled to immunity from suit, even if plaintiffs' rights were violated, so long as those rights were not "clearly established" at the time of the incident, or if reasonable officials in the defendants' position could disagree as to whether the challenged conduct would violate plaintiffs' rights. *Mitchell v. Forsyth*, 472 U.S. 511, 535 and n. 12 (1985). The qualified immunity standard "gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 229 (1991). The Supreme Court has crafted this accommodation in recognition that "officials should not err always on the side of caution because they fear being sued." *Id*.

To overcome the entitlement to qualified immunity, "pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violated federal law in the circumstances." *Priester,* 208 F. 3d at 927.

Once an official has asserted his entitlement to qualified immunity, the burden shifts to plaintiffs to identify case law which predates the official's conduct, involves materially similar facts, and truly compels the conclusion that the plaintiff had a clearly established right under federal law. *Santamorena v. Georgia Military College,* 147 F. 3d

1337, 1340 (11th Cir. 1998).  If pre-existing case law has not staked out a bright line, qualified immunity almost always protects the defendant. *Lassiter,* 28 F. 3d at 1150.

Plaintiff has failed to set forth facts to support conclusory allegations in the complaint against CHIEF OROSA or ANALYST MARSHALL as required by law. *Hobson v. Wilson*, 737 F. 2d 1, 30 (D.C. Cir. 1984) *cert. denied*, 470 U.S. 1084 (1985), ("[U]nsupported allegations which fail to specify in detail the factual basis necessary to enable [defendants] intelligently to prepare their defense will not suffice to sustain a claim of governmental conspiracy to deprive appellants of their constitutional rights.") The absence of a detailed description of wrongdoing by CHIEF OROSA or ANALYST MARSHALL substantially limits their ability to defend against these politically charged legal conclusions set forth by Plaintiff.

Counts II and III are based on conclusory allegations rather than factual statements.  Given the policy underlying qualified immunity, holding a civil servant in a lawsuit who has done no more than duty required is itself an injustice.  This is especially the case with respect to CHIEF OROSA who is not alleged to have improperly accessed information himself.

In this circuit, the law can be "clearly established" for qualified immunity purposes only by decisions of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the highest Court of the State where the case arose. *Hamilton v. Cannon*, 80 F. 3d 1525, 1532 n.7 (11th Cir. 1996).  The burden is on the Plaintiff to show that those otherwise entitled to qualified immunity violated clearly established constitutional law. *Jordan v. Doe*, 38 F. 3d 1559, 1566 (11th Cir. 1994).  No such precedent exists.

### VII.
## NO CLAIM IS PROPERLY MADE AGAINST CHIEF OROSA
## UNDER 18 USC 2721 ET SEQ.

CHIEF OROSA is sued in Count I for violating *18 USC 2721 et seq.* which relates to unlawfully procuring or obtaining driver's license information. There is no allegation that CHIEF OROSA unlawfully obtained or procured Plaintiff's information. On the contrary, he is merely sued for his alleged failure to prevent unlawful access by others. This is not a basis for a claim under 18 USC 2721 et seq. Accordingly, the claim must be dismissed as to CHIEF OROSA.

### CONCLUSION

Based on the foregoing, the process served upon CHIEF OROSA or ANALYST MARSHALL must be quashed. Further, the Complaint must be dismissed because it constitutes a shotgun pleading. Finally it should be dismissed because it fails to state a claim upon which relief can be granted.

Respectfully submitted,

JULIE O. BRU, City Attorney
HENRY J. HUNNEFELD, Asst. City Atty.
Attorney for **CHIEF OROSA &
ANALYST MARSHALL**
444 S.W. 2nd Avenue, Suite 945
Miami, FL  33130-1910
Tel.: (305) 416-1800
Fax: (305) 416-1801
Primary Email: hjhunnefeld@miamigov.com
Secondary Email:  shsmith@miamigov.com

By: s/Henry J. Hunnefeld
    Henry J. Hunnefeld, Asst. City Attorney
    Florida Bar No. 343811

**CHIEF OROSA's & ANALYST MARSHALL's
MOTION TO QUASH,OR TO DISMISS
CASE NO.: 12--81406-CIV-DMM**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served

by CM/ECF on the  22nd  day of March, 2013, on all counsel or parties of record on the

Service List below.

By: s/*Henry J. Hunnefeld*
        Henry J. Hunnefeld, Ass't. City Atty.
        Florida Bar No. 343811

CHIEF OROSA's & ANALYST MARSHALL's
MOTION TO QUASH,OR TO DISMISS
CASE NO.: 12--81406-CIV-DMM

## SERVICE LIST

**Paul A. Daragjati**
Office of General Counsel, Fraternal Order of Police
5530 Beach Blvd.
Jacksonville, FL 32207
(904) 398-7010
Fax: (904) 398-7192
Email: pdaragjati@fop530.com

**Jason Vail**
Attorney General Office
Department of Legal Affairs
The Capitol PL-01
Tallahassee, FL 32399-1050
850-414-3300
Fax: 488-4872
Email: jay.vail@myfloridalegal.com

**Douglas Todd Marx**
Waldman Trigoboff Hildebrandt Marx & Calnan, P.A.
2200 N Commerce Parkway
Suite 202
Weston, FL 33326
954-467-8600
Fax: 467-6222
Email: dmarx@waldmanlawfirm.com

**Allen Coleman Sang**
1850 Lee Road
Winter Park, FL 32789
407-622-7888
Fax: 622-7890
Email: acs@carmanbeauchamp.com

**Robert F. Rosenwald , Jr.**
City of Miami Beach
City Attorney's Office
1700 Convention Center Drive
Fourth Floor
Miami Beach, FL 33139
3056737470
Fax: 3056737002
Email: robertrosenwald@miamibeachfl.gov

**David Jeffrey D'Agata**
City of Jacksonville
Office of General Counsel
City Hall
117 West Duval Street, Suite 480
Jacksonville, FL 32202
904-630-1837
Fax: 904-630-1316
Email: dagata@coj.net

**Mirta Desir**
Desir & Associates, P.C.
P.O. Box 1052
West Palm Beach, FL 33402
800-982-5280
Fax: 305-397-1413
Email: mdesir@desirlaw.com