UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:12-cv-81406

DONNA JANE WATTS

       Plaintiff,

v.

CITY OF PALM BEACH GARDENS,
et al.,

       Defendants.

_____/

**MOTION TO STAY DISCOVERY
OF DEFENDANTS BAILEY, BRIERTON AND JONES**

Defendants Jones, Brierton, and Bailey move to stay discovery and to abate application

of the deadlines in the scheduling order until the court rules on the pending motions to dismiss. A

stay will conserve scarce judicial resources and facilitate prudent management in this needlessly

complex case.

**MEMORANDUM OF LAW**

The State defendants have questioned Congress' authority to regulate state public records

when, as here, they are not in commerce and involve no economic activity. Other defendants

have identified significant meriting dismissal. These issues will be dispositive of the case. Much

effort and expense may be expended needlessly if the court takes up the motions after the parties

have begun to litigate in earnest, only to dismiss the case. Therefore, the court should stay

discovery and abate the deadlines in the scheduling order until the court rules on the motions.

1

Federal Rule of Civil Procedure 26(b)(1) recognizes that trial courts have the authority to limit the scope of discovery by court order.  Federal courts also have the broad discretion to stay proceedings as part of their inherent authority to control their docket.  *Clinton v. Jones*, 520 U.S. 681, 706 (1997).

The Eleventh Circuit Court of Appeals has cautioned that dispositive challenges to the legal sufficiently of a complaint in a dispositive motion to dismiss should be resolved before discovery begins.  *Cotton v. Massachusetts Mutual Life Ins. Co*., 402 F.3d 1267, 1292 (11th. Cir. 2005)[1].  In *Chudasama v. Mazda Motor Corp*., 123 F.3d 1353, 1367 (11th Cir. 1997), the court explained that delaying resolution of a motion to dismiss may encourage abusive discovery and unnecessary costs if the motion is ultimately granted.  See also *Moore v. Potter*, 141 Fed. Appx. 803, 2005 WL 1600194 (11th Cir. 2005) ( upholding the trial court's staying of discovery until it ruled on the defendants' motion to dismiss); *Gilbert v. Ferry*, 401 F.3d 411 (6th Cir. 2005) (stay of discovery when jurisdiction is challenged was not abuse of discretion); *Daniel J. Hartwig Associates, Inc. v. Kanner*, 913 F.2d 1213, 1223 (7th Cir. 1990) ("The proper course of action is to request that the district court enter a stay of discovery until all jurisdictional issues are decided . . ."). Additionally, courts in this circuit have granted such motions to stay where the "resolution on the pending motion to dismiss may extinguish some or all of the claims ... potentially restricting the scope of discovery significantly." *United States v. Real Prop*., 2009 U.S. Dist.

---

[1] "In *Chudasama*, we noted that a '[f]ailure to consider and rule on significant pretrial motions before issuing dispositive orders can be an abuse of discretion.' Id. at 1367. We also instructed that '[f]acial challenges to the legal sufficiency of a claim or defense ... should ... be resolved before discovery begins,' id., especially when the challenged claim will significantly expand the scope of allowable discovery, id. at 1368. This is so because every claim has the potential to enlarge the scope and cost of discovery. Id. 'If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided.' Id."

LEXIS 53997, 2009 WL 1834149, at *1-2 (S.D. Ga. June 25, 2009); *White v. Georgia*, 2007

U.S. Dist. LEXIS 79290, 2007 WL 3170105, at *2 (N.D. Ga. Oct. 25, 2007).

In cases involving claims of qualified immunity, which is an immunity from suit and

therefore not very different from lack of subject matter jurisdiction, staying discovery is

especially warranted. See *Harlow v. Fitzgerald*, 457 U.S. (1982).  In *Mitchell v. Forsyth*, 472

U.S. 511, 526 (1985), the Supreme Court stated, in the context of qualified immunity, "such

pretrial matters as discovery are to be avoided if possible, as 'inquires of this kind can be

peculiarly disruptive of effective government.'"  Since staying discovery is warranted when

qualified immunity is raised, it is equally justified when the court's subject matter jurisdiction is

in question.

Moreover, if the court grants even parts of the motion, the proof required very likely will

change, which will affect the conduct of discovery. This undoubtedly will affect the deadlines

the report provides for. The personal meeting required to draft a report that may be superseded

by events, or made irrelevant entirely, would be wasted effort.

Therefore, the defendants request that the court grant the motion.

The defendants have contacted the plaintiff's counsel, who opposes the motion.

### CONCLUSION

For these reasons the defendants ask the court to grant the motion.

Respectfully submitted,

PAMELA JO BONDI
ATTORNEY GENERAL

s/ *Jason Vail*

Jason Vail
Florida Bar no. 298824

3

Assistant Attorney General

Office of the Attorney General
PL-01, The Capitol
Tallahassee, FL 32399
(850) 414-3300

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished to counsel of

record through use of the Court's CM/ECF system on April 8, 2013.

s/ Jason Vail

4