UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 9:12-cv-81406-DMM

DONNA JANE WATTS,

      Plaintiff,

v.

CITY OF PALM BEACH GARDENS,
et al.,

      Defendants.

_____/

**DEFENDANTS' (CITY OF JACKSONVILLE AND SHERIFF JOHN RUTHERFORD) MOTION TO DISMISS SECOND AMENDED COMPLAINT (COUNTS I, II AND IV), MOTION FOR A MORE DEFINITE STATEMENT, MOTION TO TRANSFER AND SUPPORTING MEMORANDUM OF LAW**

Defendants, CITY OF JACKSONVILLE ("City") and SHERIFF JOHN RUTHERFORD,

in his individual capacity, pursuant to Rules 8, 12(b) (3) and (6), and 12(e), Federal Rules of

Civil Procedure, and Gen. Rule 7.1, Local Rules for the Southern District of Florida, hereby

move to dismiss Counts I, II and IV of Plaintiff's Second Amended Complaint ("SAC") [DE

514] for failure to state a claim upon which relief can be granted, for an order requiring Plaintiff

to provide a more definite statement, and to transfer the action for misjoinder and improper

venue.[1]

---

[1] The City and Sheriff Rutherford are sued in Count I (¶¶ 317, et seq. – violation of the federal Driver's Privacy Protection Act), Count II (¶¶ 334, et seq. – under 42 U.S.C. § 1983 for a violation of Plaintiff's Fourth Amendment constitutional rights), and Count IV (¶¶ 376, et seq. – state tort claim for invasion of privacy). No claim is asserted against these defendants in Count III.

## MEMORANDUM OF LAW

In relevant part to the City of Jacksonville and Sheriff Rutherford, Plaintiff's 70-page, four-count Second Amended Complaint alleges:

1.      Plaintiff's right of privacy was invaded "by more than 92 Florida law enforcement officers, who accessed her [private driver's license] information approximately 200 times between August 2011 and January 19, 2012, ... without any legitimate purpose [in violation of federal and state law]." [DE 514: SAC, ¶¶ 1-2]

2.      Defendant CITY OF JACKSONVILLE is duly organized under the laws of the State of Florida, which can be sued under Fla. Stat. § 768.28.  (*Id.*, ¶10)

3.      Defendant JOHN RUTHERFORD was, at all times material, "a resident of the State of Florida, duly appointed and acting in his individual and official capacity as Sheriff of the Jacksonville Sheriff's Office."  (*Id.*, ¶22)

4.      The City and Sheriff Rutherford, in his individual and official capacity,

> knowingly authorized, directed, ratified, approved, acquiesced in, committed or participated in, acts and practices in direct violation of DPPA, where the City knowingly and repeatedly – permitted the accessing of personal information from DAVID by law enforcement personnel, Pamela Abboud and Briijin Pemberton, for purposes not permitted under the DPPA. The City and Rutherford's failure to properly train and audit its employees has led to Plaintiff's harm.

(*Id.*, ¶208).

5.      Plaintiff further alleges that:

> Defendant Rutherford's office has a history of agency database misuse. Specifically, as recently as June 2011, Defendant knew or should have known that its law enforcement personnel improperly used law enforcement database[ ] to access the personal information of law enforcement personnel. Its personnel used law enforcement database[ ]

to provide photographs of undercover officers and other identifying personal information to criminal suspects, putting the life of undercover officers at risk.

(*Id.*, ¶209).[2]

6.     Two JSO officers, PAMELA ABBOUD and BRIIJIN PEMBERTON, accessed Plaintiff's driver's license information (twice each) on November 14, 2011 and November 21, 2011, respectively, without a law enforcement purpose.  (*Id.*, ¶¶ 50-51, 210-213)

7.     After investigation, Defendants ABBOUD and PEMBERTON were disciplined by the Jacksonville Sheriff's Office for accessing Plaintiff's private driver's license information. (*Id.*, ¶¶ 212, 213)

## ARGUMENT

### A.  Motion to Dismiss Standard

In order to state a claim, Fed. R. Civ. P. 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  While a court, at this stage of the litigation, must consider the allegations contained in the plaintiff's complaint as true, such tenet "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009).  "The complaint's allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id., citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 555.  Further, "a court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the

_____

[2] The allegations in paragraphs 208 and 209 are the only allegations contained in the SAC pertaining to the City and Sheriff Rutherford that were not asserted in Plaintiff's First Amended Complaint.

equivalent of a duty to re-write it for [him]." *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculation level." *Id.*

**B.  The Second Amended Complaint Violates Rule 8**

As a threshhold matter, Plaintiff's SAC fails to meet the pleading requirements of Rule 8, Fed. R. Civ. P., in that it contains numerous paragraphs of immaterial information leading up to four separate counts, each of which incorporates hundreds of common paragraphs containing widely varying allegations.  Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Davis v. Coca-Cola Bottling Co.*, 516 F.3d 955, 974 (11th Cir. 2008).  Plaintiff's 70-page narrative, with 381 numbered paragraphs against 94 named defendants, *each of whom is alleged to have committed one or more separate and discrete violations of her privacy*, and 110 John Doe defendants, hardly measures up.  Reading through the SAC is a "cumbersome task of sifting

4

through myriad claims" and it is virtually impossible to know which allegations of fact are intended to support which claims for relief.  *Anderson v. Dist. Bd. of Trustees of Cent. Fl. Comm. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996).  As such, the City and Sheriff Rutherford are incapable of defending such allegations.

Accordingly, Defendants request that the Plaintiff be required to provide a more definite statement as to Counts I, II and IV of Plaintiff's Second Amended Complaint.  Alternatively, these counts should be dismissed in light of this Court's Order [DE 513] on Defendant Smith's Motion to Dismiss [DE 213] – Plaintiff has failed to rectify the fundamental deficiencies of her Complaint noted by the Court therein.

### C.  Improper Joinder of Defendants

As did Plaintiff's original Complaint and First Amended Complaint, the SAC improperly joins dozens, perhaps hundreds, of separate defendants from around the State of Florida who are alleged to have committed separate and discrete violations of her privacy.  The individual Officer Defendants alone work for, at best count, at least 17 separate counties, cities and/or law enforcement agencies.  Other than being law enforcement officers, they have nothing in common with each other as concerns the Plaintiff, other than the fact that they allegedly took a fleeting look at the Plaintiff's driver's license information on the DHSMV website.  Further, Plaintiff has not alleged that any of the various Officer Defendants acted in concert or conspired with each other or share joint and several liability.  The only reference to any shared liability is her prayer for a "money judgment against all the Defendants." [DE 514; SAC, p. 69, ¶A]  Accordingly, the various officers' independent and unrelated actions are not the sort of "series of occurrences" within the scope of Rule 20(a), that would permit the joinder of all the named defendants in a

5

single action.

Florida and Federal law is replete with admonishments regarding joinder and misjoinder. When, as in the instant case, multiple defendants are joined in a single action, Florida law holds that all the defendants must have a joint interest adverse to the plaintiff seeking affirmative relief in connection with the subject matter of the cause of action. *See* Rules 1.210(a) and 1.250, Fla. R. Civ. P.; *see also, Tamiami Trail Tours Inc. v. Cotton*, 463 So. 2d 1126 (Fla. 1985) (separate causes of action against separate defendants cannot be joined in the same complaint).

The subject of joinder and misjoinder occurs frequently in federal court when a plaintiff attempts to join an immaterial defendant in order to defeat diversity jurisdiction. Although that does not seem to be the case here, it is evident from the facts alleged that the City of Jacksonville and Sheriff Rutherford do not have a joint interest with any other defendant named in the SAC. *See, e.g., Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996) (abrogated on other grounds) ("The joinder of defendants in this action has been accomplished solely through Rule 20. The district court, finding no allegation of joint liability between Lowe's and any other defendant and no allegation of conspiracy, held there was an 'improper and fraudulent joinder, bordering on a sham.' The court rejected Appellants' argument that 'a mere allegation of a common business practice subjects all defendants to joinder.' * * * Joinder of defendants under Rule 20 requires: (1) a claim for relief asserting joint, several, or alternative liability and arising from the same transaction, occurrence, or series of transactions or occurrences, and (2) a common question of law or fact. Fed. R. Civ. P. 20(a). The district court correctly found no allegation of joint liability or any allegation of conspiracy.")

The proper remedy for the Plaintiff's misjoinder of the City and Sheriff Rutherford is severance. *See Tapscott*, 77 F.3d at 1360; *see also, Alanco v. Bystrom*, 544 So.2d 217 (Fla. 3rd DCA 1989) (severance is proper remedy for misjoinder of defendants). Further, assuming this Court severs the City and Sheriff Rutherford from the other defendants, venue is no longer proper as to them. *See* 28 U.S.C. §1391(b)(1) (proper venue is judicial district where any defendant resides), and (2)(proper venue is judicial district where substantial part of the events giving rise to the claim occurred). Under either subsection, once severed the proper venue for Plaintiff's action against the City of Jacksonville and Sheriff Rutherford is the U.S. District Court for the Middle District of Florida, Jacksonville Division, on the facts alleged.

### D. Counts I and II Fail to State a Claim Because Application of DPPA to the Circumstances as Alleged is Unconstitutional as an Improper Exercise by Congress of its Power Under the Commerce Clause

Congress lacks the power under the Commerce Clause to regulate the use of state information that is not "in commerce." As alleged, the use and accessing of Plaintiff's driver's license information through the State of Florida's/Department of Highway Safety and Motor Vehicles' D.A.V.I.D. system by individual law enforcement officers did not place that information "in commerce" such that Congress can constitutionally regulate its disclosure under the DPPA, since the alleged use does not constitute economic activity.

In the interest of brevity, the City and Sheriff Rutherford adopt and incorporate by reference the arguments on this issue advanced by Defendants Collier County Sheriff's Office, Lake County Sheriff's Office, Orange County Sheriff's Office and St. Lucie County Sheriff's Office in their collective motion to dismiss Plaintiff's First Amended Complaint [DE 303, at pp. 12-20], Defendant Ross in his motion to dismiss Counts I, II and IV of Plaintiff's Second

Amended Complaint [DE 522, at pp. 6-12], and Defendants Jones, Bailey and Brierton's in their

motion to dismiss Plaintiff's [second] amended complaint [DE 537, at pp. 5-17].

### E.  Count I (DPPA violation) Fails to State a Viable Claim

In Count I, Plaintiff purports to sue the City and Sheriff Rutherford under the Driver's

Privacy Protection of 1994 ("DPPA").  Under DPPA, however, only a "person," *as defined in the*

*act*, is subject to suit.  18 U.S.C. §2724(a).  A "State or agency thereof" is specifically excepted

from the act's definition of "person."  18 U.S.C. §2725(2).

Under Florida law, municipalities are deemed to be agencies of the State.  *See* Section

768.28(1) and (2), Florida Statutes (Florida's waiver of sovereign immunity statute).  As well,

the U.S. Supreme Court has noted that municipalities in Florida are state agencies: "[t]here is no

question under Florida law that agencies of the state, including school boards and municipalities,

are the beneficiaries of sovereign immunity."  *Howlett v. Rose*, 496 U.S. 356, 360, 110 S. Ct.

2430 (1990).  Thus, the City, as a state agency, cannot be sued under the DPPA.

Moreover, Plaintiff's allegations that Officers Abboud and Pemberton "did not have a

law enforcement purpose" for accessing her driver's license information[3] establish that the

officers' actions were not in furtherance of any official duties.  Under longstanding, basic agency

principles, the City could only be liable on the basis of respondeat superior for the officers'

alleged statutory violation if the officers' actions were "activated at least in part by a purpose to

serve the master." *Lawrence v. Dunbar*, 919 F.2d 1525, 528 (11th Cir. 1990) (*quoting*, *Rabideau*

*v. State*, 391 So.2d 283, 284 (Fla. 1st DCA 1980), *aff'd*, 409 So.2d 1049 (Fla. 1982).  Thus,

Plaintiffs' allegations show that Abboud's and Pemberton's searches served no purpose of their

---

[3] DE 514: SAC, ¶¶ 212-213.

8

employer, the City of Jacksonville, and thus places the officers' conduct outside any realm for which the City could be liable as a matter of law.

As to Sheriff Rutherford, Plaintiff's DPPA claim fails because a cause of action under the act may only be brought against a person who "knowingly obtains, discloses or uses personal information, from a motor vehicle record. . . ." 18 U.S.C. §2724(a).  The First Amended Complaint contained no allegation whatsoever that Sheriff Rutherford, *personally*, did any such thing.  Likewise, neither does the SAC, Plaintiff's speculative, boilerplate and conclusory allegations in paragraph 208, notwithstanding.  Instead, Sheriff Rutherford is sued simply because he was the head of the officers' agency (the Jacksonville Sheriff's Office) or their ultimate supervisor.  The DPPA, however, does not make supervisors liable for statutory violations committed by their employees.  Moreover, Sheriff Rutherford was not even the officers' employer; rather, they were employed by the City of Jacksonville.  Accordingly, Plaintiff's DPPA claim against Sheriff Rutherford is due to be dismissed since there exists no legal basis to hold him liable for a DPPA violation.

### F.  The Alleged Improper D.A.V.I.D. Searches Do Not Show a Fourth Amendment Violation and thus Count II Should Be Dismissed

In Count II, Plaintiff purports to sue the City and Sheriff Rutherford under 42 U.S.C. §1983 for a violation of her Fourth Amendment constitutional rights.  As with any action under § 1983, the first step of the analysis is to identify the exact contours of the underlying right said to have been violated.  *County of Sacramento v. Lewis,* 532 U.S. 833, 841 n.5 (1998), *citing Graham v. Connor,* 490 U.S. 386, 394 (1989).  Plaintiff alleges violations of her Fourth Amendment right to privacy through the Fourteenth Amendment.  The facts alleged here do not

9

show a violation of Plaintiff's *federal* constitutional right to privacy by the City's officers, Abboud and Pemberton; therefore, dismissal of Plaintiff's §1983 claim against the City is warranted. *See City of Los Angeles v. Heller*, 475 U.S. 796, 106 S. Ct. 1571 (1986).

Plaintiff's failure to allege a constitutional deprivation is explained in the Motion to Dismiss filed by the Town of Juno Beach [DE 214, p. 4-7], which the City of Jacksonville and Sheriff Rutherford hereby adopt and incorporate by reference in the interest of brevity.[4]

### G. The SAC Contains Insufficient Allegations as to Municipal Policy and "Moving Force" and thus Count II Should Be Dismissed

Assuming that the Plaintiff has alleged a constitutional violation, the law is clear that in order to "attribute liability to a municipality under Section 1983, [a] plaintiff must demonstrate that the municipality had an official policy that was 'the moving force of the constitutional violation.'" *Gainor v. Douglas County, Georgia*, 59 F.Supp.2d 1259 (N.D. Ga. 1998) (citations omitted); *see also, McDowell v. Brown*, 392 F.3d 1283 (11th Cir. 2004). A municipality cannot be held liable under Section 1983 solely for the acts of its employees. *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694, 98 S. Ct. 2018 (1978); *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994) (local government liability under Section 1983 cannot be based solely on the theory of respondeat superior); *Rivas v. Freeman*, 940 F.2d 1491, 1495 (11th Cir. 1991) (civil rights liability may be imposed on a governmental entity only when the constitutional violation is due to the existence of an improper policy or the absence of a policy). "It is only when the 'execution of the government's policy or custom . . . inflicts the

---

[4] Although the Town of Juno Beach's motion is directed to Plaintiff's original Complaint, the Second Amended Complaint does not contain any additional *factual* allegations, as opposed to speculation, boilerplate language and conclusions, to show a violation of Plaintiff's constitutional rights by the City of Jacksonville through the actions of its officers, Abboud and Pemberton.

injury' that the municipality may be held liable under § 1983." *City of Canton v. Harris*, 489

U.S. 378, 385, 109 S.Ct. 1197 (1989) (citations omitted); *McMillan v. Monroe County, Ala.*, 520

U.S. 781, 785, 117 S. Ct. 1734 (1997) (a local government is liable under Section 1983 for *its*

policies that cause constitutional torts); *see also, Lewis v. City of West Palm Beach, Florida,* 561

F.3d 1288 (11th Cir. 2009).  The SAC here fails to allege, to *any* degree of particularity, that any

City policy, custom or practice caused Plaintiff's constitutional rights to be violated in this

instance.

Even if Plaintiff's general assertions and conclusory allegations are given the broadest

possible interpretation, Plaintiff's contentions demonstrate nothing more than the "mere

possibility" of constitutional misconduct by the City through the actions of its officers.  Under

*Iqbal, Twombly, et al.*, these threadbare conclusions are insufficient to state a claim against the

City of Jacksonville under § 1983.  *See also, Harvey v. City of Stuart*, 296 Fed.Appx. 824 (11th

Cir. 2008); *Reyes v. City of Miami Beach*, 2007 WL 4199606 (S.D.Fla.).

In addition, absent an express custom or policy that authorizes or directs the alleged

constitutional deprivation, the Supreme Court has explained that a municipality's failure to train

its employees may amount to a custom or policy in only "limited circumstances."  *City of*

*Canton*, 489 U.S. at 389.  These "limited circumstances" occur only where the municipality has

displayed a "deliberate indifference" to the rights of its inhabitants.  *Id.*  "To establish ...

'deliberate indifference,' a plaintiff must present some evidence that the municipality knew of a

need to train and/or supervise in a particular area and the municipality made a deliberate choice

not to take any action."  *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998).

"[I]nadequacy of police training may serve as a basis for §1983 liability only where the failure to

train amounts to deliberate indifference to the rights of persons with whom the police come into

contact.  This rule is most consistent with our admonition ... that a municipality can be liable

under §1983 only where its policies are the 'moving force [behind] the constitutional violation.'"

*Id.* (citations omitted)  Accordingly, to establish deliberate indifference, a plaintiff must first

demonstrate culpability on the part of the municipality or proof of "the existence of a widespread

practice that, although not authorized by written law or express municipal policy, is 'so

permanent and well settled as to constitute a 'custom or usage' with the force of law,'" *City of St.*

*Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S.

144, 167-168 (1970); *Depew v. City of St. Marys, Georgia*, 787 F.2d 1496, 1499 (11th Cir. 1986)

("To establish a policy or custom, it is generally necessary to show a persistent and wide-spread

practice ... actual or constructive knowledge of such customs must be attributed to the governing

body of the municipality ... [n]ormally random acts or isolated incidents are insufficient to

establish a custom or policy."), and a causal link between the municipal action and the

constitutional injury.  *See Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397,

404, 117 S. Ct. 1382, 1388 (1997); *Scott v. City of Lanett*, 845 F.Supp. 815 (M.D. Ala. 1993).

Moreover, to establish a claim of the failure to train or supervise, "a plaintiff is held to a

high standard in showing the connection between the training or supervision and the injury

suffered.  A plaintiff is required to 'demonstrate that, through its deliberate conduct, the

municipality was the "moving force" behind the injury alleged.'"  *Salter v. McNesby*, 2007 WL

2459246 *17 (N.D. Fla.) (citations omitted).  "This high standard is necessary because 'a lesser

standard of fault would result in de facto respondeat superior liability on municipalities – a result

[the Supreme Court] rejected in *Monell*.'  Indeed, the mere fact that a plaintiff has suffered a

deprivation of federal rights at the hands of a municipal employee permits no inference of municipal culpability and causation." *Id.* (citations omitted).

Thus, for example, in *Gold*, the Eleventh Circuit held that a plaintiff's false arrest claim against the City of Miami could not stand where he had presented no evidence of prior incidents. In addition, the need to train was not "so obvious" as to put the city on notice in the absence of any prior incidents. *Id.* at 1351-52; *see also, McDowell v. Brown*, 392 F.3d 1283 (11th Cir. 2004) (noting that isolated incidents generally do not create liability); *Wright v. Sheppard*, 919 F.2d 665, 674 (11th Cir. 1990) (finding no liability for a deputy sheriff's actions where "no evidence of a history of widespread prior abuse ... put the sheriff on notice of the need for improved training or supervision"); *Owaki v. City of Miami*, 491 F.Supp.2d 1140 (S.D. Fla. 2007) (failure to stop mere isolated incidents resulting in violation of constitutional rights cannot be deemed tacit approval of unofficial custom by policy-making officials to establish liability under Section 1983).

Simply put, there is no plausible allegation of *fact* in the SAC sufficient to convert the actions of JSO Officers Abboud and Pemberton into a constitutional tort under *Monell* and its progeny. Moreover, Plaintiff herself acknowledges that Abboud and Pemberton were disciplined for accessing Plaintiff's driver's license information. [DE 514: SAC, ¶¶ 212-213] The fact that Officers Abboud and Pemberton were investigated and disciplined by JSO is powerful evidence that there is no such pattern or practice of tolerating D.A.V.I.D. violations by JSO officers. This has been recognized previously in the Middle District–see *Williams v. Sirmons*, 563 F. Supp.2d 1315, 1327 n.9 (M.D. Fla. 2008) (that Sheriff disciplined the two officers involved in this 2005 case "strongly suggests that the Sheriff is intolerant of excessive force"). A similar sentiment

13

was expressed by the Eleventh Circuit in *Skop v. City of Atlanta*, 485 F.3d 1130, 1145 (11th Cir. 2007) (disciplining an officer for making a false arrest indicates that making false arrests is not tolerated).

### H. The Second Amended Complaint Fails to Allege Any Facts to Support a Claim against Sheriff Rutherford in his Individual Capacity; Alternatively, Sheriff Rutherford is entitled to Qualified Immunity

Again assuming that the Plaintiff has alleged a constitutional violation, there is no allegation of *fact*, as opposed to speculation, assumptions or conclusions, in the SAC that Sheriff Rutherford *personally* knew or did anything whatsover pertaining to Plaintiff Watts and the alleged invasions of her privacy by any of the Defendant Entities or Officers including JSO Officers Abboud and Pemberton.

It is well established in the Eleventh Circuit that supervisory officials, such as Sheriff Rutherford, are not liable under Section 1983 for the alleged unconstitutional or illegal acts of their subordinates on the basis of respondeat superior or vicarious liability. *Dalrymple v. Reno*, 334 F.3d 991, 995 (11th Cir. 2003); *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999). The standard by which a supervisor is held liable in his or her individual capacity for the actions of subordinates "is extremely rigorous." *Dalrymple, supra; Braddy v. Fla. Dept. of Labor & Empl. Sec.*, 133 F.3d 797, 802 (11th Cir. 1998). Supervisory liability occurs only when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional violation. *Dalrymple, supra.* A causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fails to do so, or when the supervisor's improper custom or policy resulted in deliberate

indifference to constitutional rights.  *Id.*, at 996.

The SAC fails to allege *any* facts to show any *personal* involvement by Sheriff Rutherford in the incident(s) resulting in Plaintiff's alleged injuries and contains no allegations of "widespread abuse" by the Jacksonville Sheriff's Office other than unsupported, non-specific conclusory allegations, *e.g.*: unidentified "individuals ... state that it is accepted and common practice for law enforcement personnel ... to unlawfully and impermissibly access an individuals (sic) information on law enforcement databases, and these individual law enforcement personnel are rarely if ever held accountable," [DE 514: SAC., ¶337]; the Defendant Entities and the Defendant Supervisors of the law enforcement personnel accessing "this information knew or should have known of this and other unlawful, improper, unjustified, and impermissible access to private information by law enforcement personnel," (*Id.*, ¶341); and the Defendant Supervisors "are liable in their individual capacities for their failure to train, monitor, supervise, and **properly discipline**[5] the officers who are improperly and unlawfully accessing the private driver's license information of citizens, including Plaintiff ... [and] [t]his pattern of failure to train, monitor, supervise, and discipline demonstrates the state of mind of these Defendant Supervisors and a deliberate indifference to the rights of the citizens and others whose information has been so widely accessed, including Plaintiff." (*Id.*, ¶344) (emphasis added)[6]

---

[5] Nonetheless, Plaintiff herself acknowledges that Sheriff Rutherford's agency (the Jacksonville Sheriff's Office) investigated the allegations against JSO Officers Abboud and Pemberton pertaining to the Plaintiff and subsequently disciplined them for accessing Plaintiff's private driver's license information without a law enforcement purpose. [DE 514: SAC, ¶¶ 212-213]

[6] The additional allegation in paragraph 209 that "Defendant Rutherford's office" (in effect, the City) had a "history of agency database misuse" and was aware of an instance or episode in which personal, identifying information of agency personnel was improperly disclosed does not suffice to show the necessary "widespread abuse" and sanction thereof by the City to satisfy *Monell*.

Even if supervisory liability is shown by Plaintiff's allegations, Sheriff Rutherford is nonetheless entitled to dismissal of this action as against him on the basis of qualified immunity. The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 815 (2009). The purpose of qualified immunity is to allow officials to carry out discretionary duties without the chilling fear of personal liability or harassing litigation, and to protect from suit all but the plainly incompetent or one who knowingly violates federal law. *McCullough v. Antolini,* 559 F.3d 1201, 1205 (11th Cir. 2009). The availability of this defense for government officials is the rule; liability and trials for liability the exception. *Alexander v. Univ. of No. Fla.*, 39 F.3d 290, 291 (11th Cir. 1994).

As stated above, nowhere in the SAC does the Plaintiff allege that Sheriff Rutherford *personally* did anything to violate her constitutional right of privacy. Moreover, it is a *plaintiff's burden* to demonstrate through factual allegations that reasonable police officers could not have believed, based on the facts available to him at the time of his conduct, that a defendant-officer's actions were lawful in light of clearly-established law. *Johnson v. Clifton*, 74 F.3d 1087 (11th Cir. 1996). Plaintiff's allegations fail utterly in this respect.

As such, the SAC is bereft of the necessary factual allegations to support a claim for supervisory liability and/or Sheriff Rutherford is entitled to qualified immunity; thus, all claims asserted against Sheriff Rutherford in his individual capacity should be dismissed for failure to state a claim.

16

### I. Count IV – Plaintiff has Failed to Allege Compliance with the Notice Requirements of Section 768.28, Fla. Stat.; Moreover, the Second Amended Complaint Fails to State a Claim for Invasion of Privacy under Florida Law

In Count IV, Plaintiff purports to sue "all Defendants" for the state law tort of invasion of privacy.

As an initial matter, Count IV is defective because the Plaintiff has failed to allege compliance with the notice provisions of Section 768.28(6)(a), Florida Statutes, the state's limited waiver of sovereign immunity for tort actions. Compliance with this condition precedent must be alleged with specificity in a complaint in order to state a cause of action. *See Woodburn v. State of Florida Dept. of Children and Family* Services, 854 F.Supp.2d 1184, 1207-08 (S.D.Fla. 2011); *Commercial Carrier Corp. v. Indian River County,* 371 So. 2d 1010, 1022-23 (Fla. 1979); *Walker v. Florida Dept. of Law Enforcement*, 845 So. 2d 339, 340 (Fla. 3d DCA 2003). Failure to specifically allege compliance with this condition precedent requires dismissal. *Commercial Carrier Corp., supra; Wright v. Polk County Health Unit*, 601 So. 2d 1318 (Fla. 2d DCA 1992).

Further, Count IV is substantively deficient in that it fails to state a cause of action under Florida law. In the interest of brevity, the City and Sheriff Rutherford adopt and incorporate by reference the arguments set forth on this point by Defendants Brian Smith and Town of Juno Beach in their Motions to Dismiss [DE 213, at p. 10-11, and 214, at p. 11-12, respectively].[7] The SAC does not allege any facts in support of a privacy claim against Sheriff Rutherford, individually, that were not alleged in her First Amended Complaint. Thus, Count IV is due to be

---

[7] Although these motions are directed to Plaintiff's original Complaint, Count IV is unchanged in Plaintiff's Second Amended Complaint as regards Sheriff Rutherford, personally.

dismissed with prejudice as against Sheriff Rutherford, in his individual capacity.

Additionally, Plaintiff alleges that the individual Defendants (the police officers) acted with "actual or legal malice, or with reckless disregard of her rights and her privacy." [DE 514: SAC, ¶380]  Based on these express allegations, the City is not liable in this action as a matter of law.  *See* Section 768.28(9)(a), Florida Statutes (state and subdivisions not liable for acts or omissions of employees committed "in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property.")

Accordingly, Count IV is due to be dismissed.

**J.  Prayer for Punitive Damages and Attorney's Fees**

Plaintiff prays for relief in the form of punitive damages and attorney's fees under 18 U.S.C. §2724(b).  Such relief is not available against the City under Florida law[8] or DPPA; thus, Plaintiff's prayer for same is due to be dismissed or stricken.[9]

**K.  Prayer for Injunctive Relief**

The Second Amended Complaint continues to fail to allege any facts to establish an entitlement to permanent injunctive relief including irreparable injury and that remedies available at law are inadequate to compensate for said injury.  *See eBay v. MercExchange, LLC*, 547 U.S. 388, 391, 126 S. Ct. 1837 (2006); *see also*, *Alabama v. U.S. Army Corps of Engineers*, 424 F.3d 1117, 1128 (11th Cir. 2005).  Accordingly, to the extent Plaintiff seeks any form of permanent injunctive relief, any such claim should be dismissed.

---

[8] Section 768.28(5), Fla. Stat.

[9] In the interest of brevity, the City adopts and incorporates by reference the arguments set forth on these points by Defendant City of Port Saint Lucie in its Motion to Dismiss Plaintiff's First Amended Complaint [DE 229, at p. 7-8].

## CONCLUSION

For the reasons stated, this action should be dismissed as against Defendants City of Jacksonville and Sheriff John Rutherford, individually, for failure to comply with Rule 8 and for failure to state a claim for relief.  Alternatively, the Court should exercise its power to sever the cause of action against the City and Sheriff Rutherford for misjoinder and order the case transferred to the U.S. District Court for the Middle District of Florida, Jacksonville Division, and grant such other and further relief as it deems just and appropriate under the circumstances. In the interest of economy and completeness, the City of Jacksonville and Sheriff Rutherford further adopt any and all arguments advanced by other defendants to show the legal insufficiency of Plaintiff's claims herein including failure to state a claim upon which relief can be granted, misjoinder and improper venue.

Respectfully submitted,

**OFFICE OF GENERAL COUNSEL**
**CITY OF JACKSONVILLE**

*s/ Stephen J. Powell*
**STEPHEN J. POWELL**
**ASSISTANT GENERAL COUNSEL**
Florida Bar No.: 0663891
E-mail: spowell@coj.net
117 West Duval Street, Suite 480
Jacksonville, Florida  32202
Telephone:     (904) 630-1847
Facsimile:     (904) 630-1316
E-mail: spowell@coj.net
Attorneys for Defendants City of Jacksonville
and Sheriff John Rutherford, individually

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of October, 2013, I electronically filed the

foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing

document is being served this day on all counsel of record or pro se parties identified on the

attached Service List in the manner specified, either via transmission of Notices of Electronic

Filing generated by CM/ECF or in some other authorized manner for those counsel or parties

who are not authorized to receive electronically Notices of Electronic Filing.


*s/ Stephen J. Powell*
**STEPHEN J. POWELL, ESQ.**

## Service List

**Mirta Desir**
Desir & Associates
Email: mdesir@desirlaw.com;
mdesir@gmail.com;
desirandassociates@gmail.com
Attorney for Plaintiff

**James J. Allen, Esq.**
Miami-Dade County Attorney's Office
Email: jja3@miamidade.gov
Attorney for Miami-Dade County;
Mayor Gimenez; E. Moreira; J. Colon; M. Ruiz; E.
Pares; H. Alfonso; C Roberts, Jr.; J. I. Ruiz; W. T.
Lorenta, Z. Khan; B. Gonzales; M. Garcia; F .J.
Washington, R. Tapanes, H. Avila; E. Melgarejo.

**Derek James Angell, Esq.**
O'Connor & O'Connor, LLC
email: dangel@oconlaw.com
Attorney for City of Orlando; M. Kim; Chief P.
Rooney

**Scott David Alexander, Esq.**
Johnson Anselmo Murdock Burke
Piper & McDuff
alexander@jambg.com;
blanca@jambg.com; young@jambg.com
Attorney for Village of Biscayne Park, Chief
Smith, Chief Atesiano; P.R. Fertig; J. Shaver;
M.S. Glandsberg

**Alain E. Boileau, Esq.**
Email: aeb@aeblaw.com
Atty for R. Gianino

Bruce Robert **Bogan, Esq.**
Melissa Jean **Sydow, Esq.**
Email: bbogan@hilyardlawfirm.com
Email: msydow@hilyardlawfirm.com
Attorneys for C. Fussel, M. A. Ross; Lt. C.G.
Humphrey; Lt. B.O. Dowdy; Deputy Sheriff
W.R. Torocan; Deputy Sheriff R .L. Kohl, V.
Bonagura.

**Julie O. Bru**, City Attorney
Henry J. **Hunnefeld**, City Attorney
Primary Email: hjhunnefeld@miamigov.com
Secondary Email: shsmith@miamigov.com
Attorney for C.M. Orosa; M. Marshall; City of
Miami

**William E. Calnan, Esq.**
Waldman, Trigoboff, Hildebrandt
email: wcalnan@waldmanlawfirm.com
Attorneys City of Lauderhill, Chief A. Smalling

**Bren John Chudachek, Esq.**
**Ronald Jay Cohen, Esq.**
Ronald Jay Cohen, P.A.
Email: myepez@roncohenlaw.com
bchudachek@roncohenlaw.com
Attorneys for P.A. Camacho; J. A. Ramirez; C.D.
Rodrigues; L. Sosa; M. Alvarez; D. Cisnero; R.
Milligan; J. Pedraza; G. Zubiria

**Paul A. Daragjati**
Office of General Counsel, Fraternal Order of
Police
Email: pdaragjati@fop530.com
Attorney for P. Abbound; B. Pemberton

**William Andrew Fleck, Esq.**
Jupiter Legal Advocates
Email:sczaplicki@jupiterlegaladvocates.com
wfleck@jupiterlegaladvocates.com
Attorney for R. Blanco; R. Fernandez, Jr.

**Rhea P. Grossman, Esq.**
**Michael Braverman, Esq.**
Email: rheagrossman@comcast.net
Attorney for E. Melgarejo, K. Wadsworth, J.
Prieto; L. Medina; M. Tapanes; N.
Dominguez; T. Tellez; W. Farraj; W.
Sanchez; C. Roberts; L.A. Medina; W.O.
Sanchez

**E. Bruce Johnson, Esq.**
Johnson, Anselmo, Murdock, Burke,
Johnson@jambg.com ; young@jambg.com
Attorney for Town of Juno Beach, Village of
Biscayne Park, Chief B. Smith; Chief R.
Atesiano

**Bruce Wallace Jolly, Esq.**
Purdy Jolly Giuffreda & Barranco PA
Email: bruce@purdylaw.com
Attorneys for Collier County SO, Lake County
SO; Saint Lucie SO, Sheriff K .J. Rambosk;
Sheriff G. S. Border; Sheriff J. L. Demmings;
Sheriff K .J. Mascara

**Tracy Ann Lyon, Esq.**
**Douglas A Harrison, Esq.**
City of Hollywood
Email: tlyons@hollywoodfl.org
dharrison@hollywoodfl.org
Attorney for Chief C. Wagner; City of
Hollywood

**Douglas Todd Marx, Esq.**
Waldman Trigoboff Hildebrandt Marx &
Calnan, P.A.
Email: dmarx@waldmanlawfirm.com
Attorneys City of Lauderhill; C.C. Wagner,
Chief A. Smalling

**Austin L. Moore, Esq.**
Assistant City Attorney for City of Orlando
austin.moore@cityoforlando.net

**Timothy Richard Qualls, Esq.**
Young van Assenderp, P.A.
Email: Tqualls@yvlaw.net
Attorneys for L.F. Battle; G.Depestre; C.L.
Golden; D.D. Hulnick; A.M. Cobb

Robert F. **Rosenwald, Jr.**
City of Miami Beach
Email: robertrosenwald@miamibeachfl.gov
robertrosenwald@aim.com;
YamilexMorales@miamibeachfl.gov
Attorney for Miami Beach, Chief R.A. Martinez

**Allen Coleman Sang, Esq.**
Email: acs@carmanbeauchamp.com
Attorneys for C.J. Boulduc; City of Port St.
Lucie

**Kelly Gatson Swartz, Esq.**
Ingenuity Law, P.A.
Email: kelly@ingenuitylaw.com
Attorneys for D.A. Boehm

**Jason Vail, Esq.**
Attorney General Office
Email: jay.vail@myfloridalegal.com;
jeanne.flowers@myfloridalegal.com
Attorney for G. Bailey; Col. D. Brierton;
J.Jones

**By U.S. Mail:**
**Stephen G. Webster, Esq.**
The Law Office of Stephen G. Webster, LLC
610 North Duval Street
Tallahassee, FL 32301

As of October 2, 2013