UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
Case No.: 9:12-cv-81406-DMM

DONNA JANE WATTS,

    Plaintiff,

v.

CITY OF PALM BEACH GARDENS, et al.

    Defendants.

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANTS MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

Plaintiff, Donna Jane Watts, by and through her undersigned counsel, hereby files her *second* response to Defendants Dina Hulnick (D.E. 653), Charles Golden (D.E. 652), Laramie Battles (D.E. 649), Andrew Cobb (D.E. 650), and Gregory Depestre's (D.E. 651) Motions to Dismiss Count IV of Plaintiff's Second Amended Complaint (D.E. 514)[1]. Plaintiff requests that her response (D.E. 602) to Defendants Dina Hulnick (D.E. 585), Charles Golden (D.E. 586), Laramie Battles (D.E. 587), Andrew Cobb (D.E. 588), and Gregory Depestre's (D.E. 589) initial motion to dismiss be considered in conjunction with this response to Count IV.

### INTRODUCTION

The state law claim should not be dismissed, as the State of Florida grants greater protection than most states to privacy rights, including those invaded by Defendants. Plaintiff has alleged all of the required elements in her intrusion-upon-seclusion for invasion of her privacy. Plaintiff has alleged a repeated intrusion into her personal affairs and information (e.g.,

---

[1] For the sake of efficiency Plaintiff is responding to the motions of the five defendants in one document as Movants have the same attorneys and provide the same legal argument in the same structure.

her address and photo), which is highly offensive, regarding matters where she has a reasonable expectation of privacy (established through *Fed. Labor Relations Authority* and the DPPA).

## ARGUMENT

**Moving Defendants May Be Held Individually Liable for the Invasion of Watt's Privacy**

First, Plaintiff adopts her Count IV argument made in response (D.E. 602) to defendants initial motions herein. Second, defendants failed to acknowledge that the private and restricted information of law enforcement personnel is exempt under Florida's Public Records Law. s. 119.071(4)(d)1.a.  In this case, Plaintiff is a law enforcement personnel and therefore her address, telephone numbers, social security and photographs are exempt from disclosure both under Florida's public records law and under the DPPA. In addition, even without the applicable exemption, a public records argument by Defendants would not pass muster because Plaintiff's driver's license information was not accessed in accordance with the public records laws, it was accessed in direct violation of the DPPA's policies. Quite simply, even based on a single access by each defendant in light of the allegations in the Second Amended Complaint, Document Entry 602, and the argument *supra,* Plaintiff has pled sufficient facts to defeat both of the respective Defendants motions to dismiss Count IV.

## **CONCLUSION**

For all the foregoing reasons, the Court should deny Moving Defendants motion to dismiss.

Dated: 14th April 2014

Respectfully submitted,

/s/ Mirta Desir_____
Mirta Desir (NY 4805057 / FL 90103)
Desir & Associates
P.O. Box 1052
West Palm Beach, Florida 33402
T: 800.982.5280 ext. 2
E: mdesir@desirlaw.com ; mdesir@gmail.com

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 14th day of April 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Mirta Desir_____